IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-00094-CMA

GREGORY GOODLOE,

    Applicant,

v.

DICK SMELSER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING APPLICATION FOR A WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C § 2254
AND DISMISSING ACTION WITH PREJUDICE**

---

The matter is before the Court on Applicant's January 15, 2008, Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 2). The Application has been briefed and oral argument would not assist the Court in its adjudication.

For the reasons stated below, the Application is DENIED and this action is DISMISSED WITH PREJUDICE.

### I. BACKGROUND

Applicant alleges that his transfers between state and federal custody during the pre-plea proceedings in his state criminal case violated the anti-shuttling provision of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. 2 § 1; *see also* Colo. Rev.

Stat. § 24-60-501,[1] which resulted in a violation of his constitutional right to due process. *See* Application (Doc. # 2 at 15 of 30).

On November 12, 2002, Applicant was arrested and placed in federal custody at the Federal Detention Center in Englewood, Colorado, pursuant to a Federal Parole Revocation Warrant, and thereafter was transferred to the Federal Correctional Institute (FCI) in Florence, Colorado. *Answer*, Ex. A (Doc. # 11-2 at 5 of 21); *Notice of Filing of State Court Record*, attachment (Doc. # 25-2, at 57 of 186).[2] On February 7, 2003, while Applicant was in federal custody, a 45-count felony Complaint was filed in the Arapahoe County District Court, Englewood, Colorado, charging Applicant with Counts 1-15: sexual assault on a child, Counts 16-30: sexual assault on a child by one in a position of trust, and Counts 31-45: aggravated incest, all class 3 felonies. *Traverse* ("Reply to the Respondent's Answer") (Doc. # 13), Ex. T. A state arrest warrant was issued the same day. *Id.*

After the state charges were filed, Applicant was transported from the federal facilities to Arapahoe County District Court on numerous occasions for pretrial court

---

[1] Colorado has adopted the federal Interstate Agreement on Detainers, 18 U.S.C. App. 2 § 1, and codified it at Colo. Rev. Stat. § 24-60-501. Although Applicant appears to allege separate violations of both the federal and state statutes, the statutes' provisions are identical and the court refers to them collectively herein as the "IAD."

[2] Respondents' Answer includes citations to numerous documents in the state court record which have not been submitted to this Court. According to Respondents, the state court record is unavailable because it has been filed with the Colorado Court of Appeals in connection with Applicant's appeal concerning a sentencing issue which is not relevant to the present Application. *See* Notice of Filing State Court Record (Doc. # 25, ¶¶ 3-6). To the extent that the cited but not-submitted materials provide background information which the parties do not appear to dispute, the Court has cited to references to that background information within Applicant's Traverse and in Applicant's briefs filed in the Colorado Court of Appeals and the Colorado Supreme Court (Doc. ## 13, 11-2, 11-5).

appearances in the state case.  *Answer*, Ex. A (Doc. # 11-2 at 6-7 of 21).  On each occasion, Applicant's presence in state court was obtained pursuant to a writ of habeas corpus *ad prosequendum*.  *Id.*  Applicant was returned to federal custody after each state court appearance.  *Id.* at 5-6 of 21.  The warrant on the state charges remained active throughout the period that Applicant was transferred between state and federal custody.  *Id.* at 6 of 21.

On January 21, 2004, Applicant filed a motion in state court to dismiss the criminal complaint, arguing that his transport between state and federal custody violated the IAD's anti-shuttling provision.  *Id.* at 7 of 21.  The state trial court denied the motion on February 3, 2004, after a hearing.  *Answer*, Ex. B. (Doc. # 11-3, at 16 of 17); *Notice of Filing of State Court Record*, attachment (Doc. # 25-2, at 51-70 of 186).

On February 19, 2004, Applicant pleaded guilty in state court to one added charge pursuant to a plea agreement under which all of the original charges were dismissed.  *Answer*, Ex. C. (Doc. #11-4, at 3 of 6).  Applicant was sentenced to six years imprisonment in the Colorado Department of Corrections, to run concurrently with his federal sentence, with two years of mandatory parole.  *Notice of Filing of State Court Record*, attachment (Doc. # 25-2, at 152-176 of 186).  Applicant appealed the Judgment, seeking review of the trial court's ruling denying his motion to dismiss. *Answer*, Ex. A (Doc. # 11-2).  The Colorado Court of Appeals affirmed the Judgment, concluding that Applicant had waived his rights under the anti-shuttling provision of the IAD by entering his guilty plea.  *See Answer*, Ex. C (Doc. # 11-4) (*People v. Goodloe*, No. 04CA2232 (Colo. App. July 26, 2007)).  The Colorado Supreme Court denied

Applicant's Petition for Writ of Certiorari. *Answer*, Exs. C, D, E (Doc. ## 11-4, 11-5, 11-6).

## II. LEGAL STANDARDS

**A.     TITLE 28 U.S.C. § 2254**

This Court may review an application for writ of habeas corpus "only on the ground that [an applicant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a federal writ of habeas corpus, a prisoner must have exhausted all available state court remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(b)(1). In order to exhaust, the prisoner "must 'fairly present' his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The state court must be alerted to the fact that the prisoner is asserting claims under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*). However, the applicant need not invoke "talismanic language" or cite "book and verse on the federal constitution." *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). The applicant is required only to present the "substance of a federal habeas corpus claim" to the state courts so as to provide notice that he is raising a constitutional violation and allow the state courts an opportunity to consider that claim. *Id.* at 1252-53 (quoting *Picard*, 404 U.S. at 278).

4

If a prisoner exhausts his available state remedies, his federal habeas corpus application may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). In deciding how to resolve a federal claim raised by a state habeas petitioner, the district court focuses on the last state court decision disposing of that federal claim. *Alverson v. Workman*, __ F.3d __, 2010 WL 532044, *9 (10th Cir. Feb. 16, 2010).

In addition, pursuant to this Court's habeas review, a presumption of correctness exists regarding state trial and appellate court findings of fact. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

**B.     *PRO SE* APPLICANT**

Applicant is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The applicant's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III.  ANALYSIS

Applicant's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 contains one claim for relief for "Violation of the Interstate Agreement on Detainers Act

(Federal) and the Agreement on Detainers (State of Colo.)" and one claim for relief entitled "A Warrant is a Detainer."

## A. EXHAUSTION OF STATE COURT REMEDIES

Applicant presented his claim of an alleged violation of the IAD to the Colorado Court of Appeals on his direct appeal. *See Answer*, Ex. A (Doc. # 11-2). The Colorado Court of Appeals affirmed the state district court judgment, and the Colorado Supreme Court denied Applicant's Petition for Writ of Certiorari. *See Answer*, Exs. C, E (Doc. ## 114, 11-6). Respondents have not challenged the Application on grounds of failure to exhaust his state court remedies.[3] Nonetheless, it appears to this Court that Applicant has not, in fact, exhausted his state court remedies. Although Applicant did assert a violation of the IAD in the state court proceedings, he provided no notice to the state courts that he was asserting a violation of the United States Constitution in connection with that claim, as he was required to do in order to exhaust, and thus the state courts did not consider any constitutional claim. *See Duncan v. Henry*, 513 U.S. at 365-66; *Nichols*, 867 F.2d at 1252-53. *Kearns v. Turner*, cited by Respondents, does not indicate that an applicant can exhaust his state court remedies by asserting an IAD violation in the state courts without also providing the state courts with some notice that

---

[3] Although Applicant did not cite to the United States Constitution or articulate a federal constitutional theory in the state court proceedings, Respondents do not appear to dispute that Applicant's claims have been exhausted. Instead, Respondents merely state "to the extent that a claimed violation of the IAD is cognizable in a habeas corpus proceeding, [Applicant] has permitted the state court to address that basis as an attack on its judgment of conviction." *Answer*, p. 8 *(*citing *Kearns v. Turner*, 837 F.2d 336, 338 (8th Cir. 1988)).

he also is asserting a violation of his federal constitutional rights. *See Kearns*, 837 F.2d 336.

Regardless of whether Applicant's claims have been exhausted, however, the Application fails on its merits for the reasons discussed below. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**B.	COLLATERAL ATTACK ON CONVICTION PURSUANT TO 28 U.S.C § 2254 BASED ON ALLEGED IAD VIOLATION**

"[R]ights created by the [IAD] are statutory, not fundamental, constitutional, or jurisdictional in nature." *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981). Therefore, only "special circumstances" permit collateral attack of a conviction under 28 U.S.C. § 2254 based on alleged violations of the IAD. *Knox v. Wyoming Dept. of Corrections*, 34 F.3d 964, 967 (10th Cir. 1994). "Special circumstances" exist where the alleged violation constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 968 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994).) Because the Court concludes, as set forth below, that Applicant waived any claim under the IAD when he entered his plea of guilty, the Court need not, and does not, address whether the alleged IAD violation presents such "special circumstances."

### C.  THE IAD'S ANTI-SHUTTLING PROVISION

Applicant asserts that Respondents violated the anti-shuttling provision of the IAD by transferring him between state and federal custody during the pre-plea proceedings in his state criminal case. The IAD's anti-shuttling provision provides, in pertinent part:

Article IV

(a)  The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he had lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated . . . .

. . .

(e)  If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. App. 2 § 1; *see also* Colo. Rev. Stat. § 24-60-501. "[T]he purpose of the IAD's anti-shuttling provision is to minimize the uncertainties attendant with outstanding charges which interfere with a prisoner's rehabilitation and treatment programs and to encourage the expeditious and orderly disposition of such charges." *United States v. Pursley*, 474 F.3d 757, 764 (10th Cir. 2007). The Colorado Court of Appeals did not address the merits of Applicant's claim that his transfers violated the IAD's anti-shuttling provision, and instead concluded that Applicant had waived any claim of an IAD violation when he entered his guilty plea.

9

### 1. Alleged IAD Violation

Applicant's appearances in state court were obtained pursuant to writs of habeas corpus *ad prosequendum*. In *United States v. Mauro*, 436 U.S. 340 (1978), the United States Supreme Court held that "a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the [IAD]." *Id.* at 361. However, Applicant contends that the arrest warrant was issued on February 7, 2003, and remained active throughout the state court proceedings. Thus, Applicant argues that the arrest warrant is the functional equivalent of a detainer for purposes of the IAD because "if, at any point in time while the defendant was at the federal detention center, he was subject to a release order by a federal court, he would not have been released from the federal detention center because of the existence of an active warrant. The same is true during the period of time that he was at FCI Florence Colorado." *Notice of Filing of State Court Record*, attachment (Doc. # 25-2 at 59 of 186).

The IAD does not define "detainer." However, the IAD's legislative history describes a detainer as "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." H.R. Rep. No. 91-1018, p. 2 (1970); S. REP. No. 91-1356, p. 2 (1970); U.S. Code Cong. & Admin. News 1970, p. 4865. The United States Supreme Court has defined a detainer as a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985). In *Carchman* the Court

determined that the IAD did not apply to detainers based on probation-violation charges because in such a case the warrant issued was not an "untried indictment, information or complaint" under the IAD. *Id.* at 734. However, the Carchman opinion cannot be read as standing for the proposition that a warrant can never serve as a detainer under the IAD. To the contrary, the Supreme Court's opinion in *Carchman* provides support for the proposition that an arrest warrant which is "lodged as a detainer with the appropriate corrections officials" can constitute a detainer under the IAD. *Carchman*, 473 U.S. at 722. Indeed, the *Carchman* Court cited to a passage from comments by the Council of State Governments, which drafted the IAD, stating that "[a] detainer may be defined as a warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer." *Id.* at 727, quoting *Suggested State Legislation, Program for 1957*, p. 74.

In the instant case, unfortunately, is unclear whether, or how, the warrant was presented to or recorded by the federal facilities. The record before the Court does not establish whether the relevant warrant was "lodged" with federal prison authorities such that it would constitute a detainer under the IAD. Neither federal facility apparently logged into their records any document specifically labeled as a detainer against Applicant, *see Notice of Filing of State Court Record*, attachment (Doc. # 25-2 at 58 of 186) ("we have been unable to identify or locate and specific detainer either in the - - system at FCI, at the federal detention center or at FCI Florence . . . ."). Thus, the Court is unable to determine on this Application whether the warrant was "lodged" as a detainer with the federal facilities for purposes of the IAD. However, the Court

11

need not determine this issue in order to resolve the present Application because, as discussed below, Applicant waived his rights under the anti-shuttling provision of the IAD by entering his guilty plea.

**2. Waiver**

A knowing and voluntary plea of guilty constitutes a waiver of all challenges to the conviction based on nonjurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ."); *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) ("A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction.").[4]

Rights created by the IAD are statutory, and not jurisdictional in nature. *Greathouse*, 655 F.2d at 1034. A guilty plea waives any challenge to the conviction based on an alleged violation of the IAD. *See Baxter v. United* States, 966 F.2d 387, 389 (8th Cir. 1992).

Thus, the mere fact that Applicant filed a motion to dismiss based upon the alleged IAD violation prior to entering his guilty plea did not alter the nonjurisdictional nature of his claims under the IAD nor did it affect the validity of Applicant's waiver of all

---

[4] A jurisdictional defect is one which deprives the court of its power to adjudicate the case. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).

challenges to the conviction based on nonjurisdictional defects.[5]  The Colorado Court of Appeals' determination that Applicant waived his rights under the IAD's anti-shuttling provision by pleading guilty is not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Applicant's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed January 15, 2008 (Doc. # 2) is DENIED and this civil action hereby is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability should not issue because Applicant has not made a substantial showing of the denial of a constitutional right.  "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Applicant is not entitled to a certificate of appealability.

DATED:  March   18  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[5]  As the Colorado Court of Appeals noted, if Applicant wished to preserve a claim that his plea was involuntary because he was not specifically advised that a guilty plea would result in a waiver of his claims under the IAD, he was required to assert such a claim in a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c).  It does not appear from the record before this Court, that Applicant did so.